IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>ALEJANDRO A. TARIN,<br><br>     Defendant. | 8:98CR238<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on the defendant's unopposed motion for a sentence reduction, Filing No. 169.  This is a motion filed pursuant to Amendment 782 to the United States Sentencing Guidelines, (sometimes called the "drugs minus two" or the "2014 drug guidelines amendment") which reduces offense levels assigned in the Drug Quantity Table by two levels, resulting in lower guideline ranges for many drug trafficking offenses.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (Nov. 1, 2014).  The Sentencing Commission has given retroactive effect to the amendment.  *Id.,* U.S.S.G., App. C (Supp.), amendment 788 at 87-88.

  The parties stipulate that that the retroactive amendment to the drug quantity table changes the total adjusted offense level in the defendant's case from 36 to 34 and the defendant's guideline range from 210 to 262 months to 168 to 210 months imprisonment. Filing No. 170, Stipulation.  The government and the defense agree that the new reduced sentence under the amended guidelines should be  179 months based on the prior computation of specific offense characteristics, adjustments, and any departures.  *Id.*  The parties further agree that the defendant may be re-sentenced without being present and without further notice and that any supervised release should be the same term and conditions as originally decided.  *Id.*

In consideration of the factors set out in 18 U.S.C. § 3553(a), the court finds that a sentence reduction will satisfy the goals of sentencing in this case.  The court has considered the nature and circumstances of the offense, the characteristics of the offender, public safety, deterrence, and the sentencing guidelines in making this decision.  In connection with public safety, the court has reviewed the defendant's record while in prison and considered whether a reduction in defendant's sentence poses a danger to any person or to the community.

The record shows that the defendant is eligible for a 56 month reduction in sentence, resulting in a new sentence of 168 months.  See [Filing No. 167](), Retroactive Sentencing Worksheet (restricted). Such a reduction would have resulted in a new projected release date prior to November 1, 2015.  However, reduced sentences do not become effective until November 1, 2015.  U.S.S.G. § 1B1.10(e)(1) and comment. (n.6). Because that date falls on a Sunday, the court finds a release date of November 2, 2015, is appropriate under the circumstances.  Accordingly, it is hereby ordered that:

1. The defendant's unopposed motion for a sentence reduction ([Filing No. 169]()) is hereby granted.

2. The parties' stipulation regarding sentence reduction ([Filing No. 170]()) is approved.

3. An Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(C)(2)  will issue this date, effective November 2, 2015.

Dated this 12th day of March, 2015.

> BY THE COURT:
>
> s/ Joseph F. Bataillon
> Senior United States District Judge